IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SEVEN HILLS PROPERTIES 19 LLC )
and BR GLADSTONE LLC, )
)
      Plaintiffs, ) TC-MD 160237C
)
  v. )
)
CLACKAMAS COUNTY ASSESSOR, )
)
      Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

Plaintiffs' Complaint, filed June 9, 2016, appealed the 2015–16 tax roll real market value

of commercial property identified as Account 05022821 (subject property). Defendant's Answer

alleged that Plaintiffs had not timely appealed to the board of property tax appeals.[2] (Answer

at 1.) At the case management conference, held with Magistrate Davis on August 23, 2016, the

parties agreed that Plaintiffs would "submit a written response to Defendant's request to dismiss

Plaintiffs' appeal as untimely" no later than September 13, 2016. (Journal Entry at 1, Aug 30,

2016.) The court has not received Plaintiffs' response.

Except in the cases of certain industrial property, taxpayers normally do not appeal the

value of their property directly to the Magistrate Division—they must first petition their county

boards of property tax appeals. *See* ORS 305.275(3); ORS 309.100.[3] Petitions to boards of

property tax appeals may be made from the date the tax statements are mailed until December 31

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered September 22, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Defendant alleged an illusory "counterclaim" in its Answer. The "counterclaim" is illusory because the value Defendant requested was the same as the value already on the tax roll. That is not a request for the court to order a change to the tax roll and should not be labeled as a counterclaim on a pleading.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

of the same year. *See* ORS 309.100. There is no right of appeal to the Magistrate Division under ORS 305.275 for taxpayers who might have appealed to the board of property tax appeals but did not. *See* ORS 305.275(3); *Richardson v. Dept. of Rev.*, __OTR__ (slip op at 2), WL 767116 at *1 (Feb 19, 2016).

The court has authority to order valuation changes outside of the normal course of the appeal process in cases where certain dwellings have been substantially overvalued and also where a taxpayer has "good and sufficient cause" for failing to pursue the statutory right of appeal. ORS 305.288(1), (3). "Good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" ORS 305.288(5)(b).

Here, Plaintiffs did not provide the court with a copy of an order from the board of property tax appeals and Defendant alleges that they did not petition the board. Plaintiffs agreed at the case management conference to respond to Defendant's allegation but did not do so. In the absence of any response from Plaintiffs, the court finds that Plaintiffs did not timely appeal their board of property tax appeals and they do not have a right to appeal under ORS 305.275.

Nor does the court have jurisdiction over this case under ORS 305.288. The subject property is not a dwelling—Plaintiffs' Complaint identifies it as a commercial building out of which a "drive thru" coffee shop is run—and Plaintiffs have not identified good and sufficient cause for failing to follow the normal statutory appeal route. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ____ day of October 2016.


 

POUL F. LUNDGREN
MAGISTRATE


*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on October 11, 2016.*